# Northern Coal & Iron Company *v.* Burr, Appellant.

*Taxation—Tax assessment—Separation of surface and mineral.*

1. Where a tax assessment shows on its face that the assessment is only of the surface and not of the coal beneath, a sale for the nonpayment of the taxes assessed against the surface, will not convey to the purchaser any interest in the underlying coal.

2. Two tax assessments for the same year on the same tract of seated

lands were as follows: "Owner unknown; Jesse Shove tract; surface only; 404 acres at $5.00 per acre, $2020.00. (Coal rights reserved to Northern Coal & Iron Co.) Total $2020.00." "Northern Coal & Iron Co.; Jesse Shove tract; coal rights only; number of acres 404 valuation $10.00 per acre; total valuation $4040.00; surface not included, only coal reservation; no coal; total $4040.00." *Held,* (1) that the assessments showed a separate assessment of surface from the coal; (2) that a sale for the nonpayment of taxes assessed against the surface conveyed to the purchaser no rights to the underlying coal.

3. A purchaser at a tax sale cannot attack the recitals contained in a patent through which he derives his title.

4. When a severance takes place, and the holder of a stratum of coal or other mineral records his title, or enters into possession of his subsurface estate, he is not affected by an adjudication of the title to or possession of the surface.

Argued March 9, 1910. Appeal, No. 41, March T., 1910, by defendants, from judgment of C. P. Lackawanna Co., Sept. T., 1907, No. 169, on verdict for plaintiff in case of the Northern Coal & Iron Company v. D. W. Burr et al. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass for an alleged wrongful taking of coal. Before NEWCOMB, J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $2.00. Defendant appealed.

*Errors assigned* were various rulings on evidence and instructions.

*A. A. Vosburg,* with him *B. Fenton Tinkham, M. A. McGiney* and *W. J. Fitzgerald,* for appellants.—The patentee like the commonwealth is but a trustee for the true warrantee: Bunting v. Young, 5 W. & S. 188; Hoffman v. Bell, 61 Pa. 444; Whitmire v. Napier, 4 S. & R. 290; Gingrich v. Foltz, 19 Pa. 38.

The defendants claiming under the original warrantee were manifestly in a position to rebut the prima facies

of the recitals in the patent: Hoffman v. Bell, 61 Pa. 444; James v. Betz, 2 Binn. 12; Bixler v. Baker, 4 Binn. 213; Olewine v. Messmore, 128 Pa. 470; Williston v. Colkett, 9 Pa. 38.

We contend, moreover, that the defendants had a good title by virtue of the tax sales. The assessment against the plaintiff was not for the coal. We claim that the assessment against the plaintiff was for a license only; or incorporeal hereditament: Brandt v. McKeever, 18 Pa. 70; Funk v. Haldeman, 53 Pa. 229; Gloninger v. Coal Co., 55 Pa. 9; Johnstown Iron Co. v. Cambria Iron Co., 32 Pa. 241; Union Petroleum Co. v. Bliven Petroleum Co., 72 Pa. 173; Shepherd v. Oil Co., 38 Hun, 37; Silsby v. Trotter, 29 N. J. Eq. 228; Caldwell v. Fulton, 31 Pa. 475.

In the case at bar, there was no severance, for the purposes of taxation, because no notice of the ownership of coal was given to the assessing authorities by the Northern Coal & Iron Company, as required by the act of 1806: Williston v. Colkett, 9 Pa. 38; Hutchinson v. Kline, 199 Pa. 564.

An instructive case is that of Rockwell v. Keefer, 39 Pa. Superior Ct. 468.

*James H. Torrey*, of *Welles & Torrey*, for appellee.— A party resisting the competency of a recital in a patent must show the commencement of his title, and to be effective it must be prior to the patent: Read v. Thompson, 5 Pa. 329; Whitmire v. Napier, 4 S. & R. 290; James v. Letzler, 8 W. & S. 192; Penrose v. Griffith, 4 Binn. 231; Smith v. Vasbinder, 77 Pa. 127; Olewine v. Messmore, 128 Pa. 470; Bachop v. Critchlow, 142 Pa. 518; Bushey v. Iron Co., 136 Pa. 541; Diggs v. Downing, 4 S. & R. 348; Gingrich v. Foltz, 19 Pa. 38; Balliot v. Bauman, 5 W. & S. 150.

There was a separate assessment of the coal as distinct from the surface: Dietrick & Wilson v. Mason, 57 Pa. 40; Delaware, etc., R. R. Co. v. Sanderson, 109 Pa. 583; Milliken v. Benedict, 8 Pa. 169; Manor Real Est. & Trust

Co. v. Cooner, 209 Pa. 531; Russel v. Werntz, 24 Pa. 337; Fisk v. Corey, 141 Pa. 334; Philadelphia Library Co. v. Ingham, 1 Whart. 72; Morton v. Harris, 9 Watts, 319; McCall v. Lorimer, 4 Watts, 351.

OPINION BY BEAVER, J., May 12, 1910.

Most of the material questions raised in this case are based upon the interpretation to be given to two several assessments of taxes for the same years on the same tract of seated land in the county of Lackawanna. They are as follows: "Owner unknown; Jesse Shove tract; surface only; 404 acres at $5.00 per acre, $2020.00. (Coal rights reserved to Northern Coal & Iron Co.) Total $2020.00." "Northern Coal & Iron Co.; Jesse Shove tract; coal rights only; number of acres 404; valuation $10.00 per acre; total valuation $4040.00; surface not included, only coal reservation; no coal; total $4040.00"

The taxes were paid by the Northern Coal & Iron Co., the present plaintiff, under the last assessment. A sale was made under the first assessment by the treasurer to the commissioners of the county, through whom the present defendants claimed that the entire estate was vested in them, because there had been no actual severance of the coal from the surface; that the second assessment was void, being that of an incorporeal hereditament, and that the purchasers at the tax sale under the first assessment, took the land and all the rights which necessarily go therewith. There is no dispute, as we understand the position of the appellants, that the coal, if there be any in this tract of land, was not actually severed by the deed from the executors of Hollenback to whom the patent issued, under which, by sundry mesne conveyances, the plaintiff claims its title. In the first assessment, it is clearly apparent that the surface only was assessed, the reason for the limitation implied by the word "only" being supplied by "coal rights reserved to Northern Coal & Iron Co." In the second assessment, however, the reference to the coal which is assessed is not merely coal rights only, the entire description being "surface not included, only coal reservation; no coal; total $4040." Whatever was included in the second

assessment was regarded as of twice the value of what was included in the first assessment. Taking these two assessments together, it seems to us clear, taking the limitation which is implied by the word "only," as used in each of them, there was a severance of the coal from the surface; that the surface only, as clearly indicated therein, was assessed by the wording of the first assessment, and that the coal, whatever there was of it, was assessed in the second assessment, which contains the words "coal rights only" and "only coal reservation." It is true that the words "No coal" appear therein, and this expression appears to have been founded by the County Commissioners upon information furnished by the plaintiff, based apparently upon information gathered by borings upon different portions of the property which disclosed no minable or marketable coal. That the Commissioners regarded whatever was assessed as actually valuable, is shown by the fact that it is double the assessed valuation of the surface and that the owners did not intend to abandon the estate which they had is shown by the fact that they actually paid the tax. The defendants base their claim as to the legal effect of the sale under which they claim solely upon the first assessment, but it seems to us that there is enough contained therein to put them upon notice of another assessment, and, when that is shown, accompanied as it is by the evidence that the taxes based upon that assessment were paid, they were bound to assume that the surface only, as described in the first assessment, was the estate which they purchased, and that that estate did not extend beyond the surface.

The appellants attack the validity of the patent to Hollenback upon which the plaintiff claims, on the ground that they acquired the title of Jesse Shove and that they had, therefore, the right to attack the validity of the patent, as having a title through Shove prior to the issuing thereof. This we think is based upon a misconception of what they acquired by the treasurer's sale, based upon the assessment of '95. What they purchased or what they secured under that sale was the title of an unknown owner. The description is: "Jesse Shove tract," but that was merely for the purpose of the identifica-

tion of the land which was sold, and did not, of course, convey the title of Shove, the original warrantee. The appellants were, therefore, not in a position to attack the recitals in the patent, as the holder of the title of the original warrantee could have done, under our decisions. The position of the appellants, therefore, does not qualify them to attempt to nullify the recitals in the patent which seems to us clear from Olewine et al. v. Messmore et al., 128 Pa. 470, in which it is held that "While a patentee is regarded as a trustee for the rightful owner, a patent containing a recital that the rights of the warrantee have become vested in the patentee, is prima facie evidence of title in the latter, and especially against one who relies on possession alone, who shows no title, or whose rights, if any, accrued after the date of the patent." The rights of the defendants, if any, to the interest in the land claimed by the plaintiff, who showed title from the patentee, accrued subsequently to the date of the patent, and, therefore, they were not in position to attack the prima facie evidence of title which was shown by the plaintiff claiming thereunder. Their offers, therefore, to show that the recitals in the patent were not true in fact were properly rejected by the court below.

If there had been but a single assessment simply describing the property "owner unknown; Jesse Shove tract," and nothing more, the contention of the plaintiff that it acquired title to the minerals under the surface, by virtue of the tax sale, would have been entirely proper, supported by abundant authority, but the authorities relied upon by it to show this are also clear, as in Moreland v. Frick Coke Co., 170 Pa. 33, which holds that "When a severance takes place, and the holder of a stratum of coal or other mineral records his title, or enters into possession of his sub-surface estate, he is not affected by an adjudication of the title to, or possession of the surface. And so in Hutchinson v. Kline, 199 Pa. 564, upon which the appellants rely; "Where an owner of lands conveys the surface and reserves all minerals, it is his duty to notify the county commissioners of this fact and, if he fails to do so, and thereafter the lands are assessed as to the entire estate as unseated lands, and are sold as such at a tax sale, the owner of the

surface may purchase at such sale, and acquire good title to the minerals." Of this, of course, there is no doubt, but the facts as they there appear do not apply in any respect to those in the case now under consideration. The Jesse Shove tract was not assessed to an unknown owner. The surface only was assessed and sold and the coal reserved which had been previously severed, as shown by a deed duly recorded, having been assessed to the rightful owner who paid the taxes assessed thereon, the purchaser at the tax sale could take what was assessed to the unknown owner, namely, the surface only.

The assignments of error are somewhat numerous, but, as the appellants present their argument to us, this covers practically the questions involved, which they regard as worthy of discussion.

A careful consideration of the whole case convinces us that none of the assignments embrace substantial error, and they are, therefore, all overruled.

Judgment affirmed.